**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION**

| | |
|---|---|
| Timothy White Body, Jr., ) | |
| ) | |
| Petitioner, ) | |
| ) | **ORDER** |
| vs. ) | |
| ) | |
| Michael B. Mukasey, Attorney General; ) | |
| Harley G. Lappin, Director of the Federal ) | |
| Bureau of Prisons; and Blake R. Davis, ) | |
| Warden of FCI Englewood, ) | Case No. 4:08-cv-101 |
| ) | |
| Respondents. ) | |
| _____ ) | |
| ) | |
| United States of America, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 4:06-cr-033 |
| vs. ) | |
| ) | |
| Timothy White Body, ) | |
| ) | |
| Defendant. ) | |

On December 12, 2008, the petitioner, Timothy White Body, Jr., filed a 28 U.S.C. § 2241 motion. See Docket No. 5. White Body contends that this matter was previously disposed of in tribal court on September 7, 2006, and "that the Petitioner was re-prosecuted again in violation of the double jeopardy clause of the Fifth Amendment to U.S.C.A." See Docket No. 5.

The Court has conducted a review of White Body's Section 2241 motion and concludes that the motion should be reclassified as a 28 U.S.C. § 2255 motion for habeas corpus relief. This would be the first Section 2255 motion filed by White Body. In Morales v. United States, 304 F.3d 764, 765 (8th Cir. 2002), the petitioner appealed the district court's reclassification of his 5 U.S.C. § 702 motion to a 28 U.S.C. § 2255 motion. The Eighth Circuit Court of Appeals held as follows:

> When a district court intends to reclassify a pro se litigant's pleading as a § 2255 motion, it must do two things. First, the court must warn the litigant of the restrictions on second or successive motions, and of the one-year limitations period, set forth in 28 U.S.C. § 2255. Second, the court must provide him an opportunity either to consent to the reclassification or to withdraw his motion.

<u>Morales</u>, 304 F.3d at 767. Because the Court intends to reclassify White Body's Section 2241 motion as a Section 2255 motion, it must set forth the restrictions on a Section 2255 motion and must provide White Body the opportunity to consent to the reclassification or to withdraw the motion.

First, White Body must be made aware of the restriction on second or successive Section 2255 motions. 28 U.S.C. § 2255 authorizes a challenge by a prisoner in federal custody "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law . . . ." A prisoner is allowed to bring an original claim under 28 U.S.C. § 2255. However, the right to bring a second or successive Section 2255 motion at a later date is restricted by 28 U.S.C. § 2244 and 28 U.S.C. § 2255. Pursuant to 28 U.S.C. § 2244,

> (a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.
>
> (b)
>
> . . .
>
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

Pursuant to 28 U.S.C. § 2255, if White Body chooses to bring a second or successive Section 2255 motion, the motion:

(h) must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

In summary, White Body is entitled to bring a Section 2255 motion that complies with the statutory requirements of that section. However, if White Body chooses to bring a second or successive Section 2255 motion at a later date, he must do so in accordance with the restrictions set forth in 28 U.S.C. § 2244 and 28 U.S.C. § 2255. To bring a second or successive Section 2255 motion, White Body must first seek an order from the Eighth Circuit Court of Appeals that authorizes this Court to consider the motion. The second or successive motion will only be considered if the Eighth Circuit Court of Appeals determines that it contains newly discovered evidence or a new rule of constitutional law.

White Body also must be made aware of the time limitation placed on a Section 2255 motion. Pursuant to 28 U.S.C. § 2255,

(f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3

>    (3)    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

To summarize, if White Body does not file a Section 2255 motion within one year of one of the four events listed in 28 U.S.C. § 2255(f), he will be prevented from bringing the motion.

It is clear that White Body must be given the opportunity to consent to the Court's intention to reclassify the Section 2241 motion to a Section 2255 motion, or to withdraw the Section 2241 motion filed on December 12, 2008. As previously noted, if reclassified, this would be the first Section 2255 motion filed by White Body. White Body has now been made aware of the rules regarding a Section 2255 motion for habeas corpus relief which will allow him to make an informed decision. The Court **ORDERS** that White Body shall have until April 24, 2009, to inform the Court in writing of his decision to either consent to the reclassification of the motion filed on December 12, 2008, or to withdraw the motion.

**IT IS SO ORDERED**.

Dated this 2nd day of March, 2009.

/s/ Daniel L. Hovland
Daniel L. Hovland, Chief Judge
United States District Court