**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**
**NORTHWESTERN DIVISION**

| | | |
|---|---|---|
| Timothy White Body, Jr., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Case No. 4:08-cv-101 |
| vs. | ) | |
| | ) | |
| Michael B. Mukasey, Attorney General; | ) | |
| Harley G. Lappin, Director of the Federal | ) | |
| Bureau of Prisons; and Blake R. Davis, | ) | |
| Warden of FCI Englewood, | ) | |
| | ) | |
| Respondents. | ) | **ORDER DISMISSING PETITIONER'S** |
|_____| ) | **MOTION FOR HABEAS RELIEF** |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 4:06-cr-033 |
| vs. | ) | |
| | ) | |
| Timothy White Body, | ) | |
| | ) | |
| Defendant. | ) | |

_____

Before the Court is the Petitioner's motion for habeas corpus relief filed on December 12, 2008.  See Docket No. 5.  The petitioner, Timothy White Body, Jr., originally filed the motion pursuant to 28 U.S.C. § 2241.  However, after a review of the motion, the Court concluded the motion should be reclassified as a 28 U.S.C. § 2255 motion for habeas corpus relief.  On March 2, 2009, the Court informed White Body of his right to consent to the reclassification of the Section 2241 motion to a Section 2255 motion or to withdraw the Section 2241 motion.  See Docket No. 6.  White Body was given until April 24, 2009, to inform the Court in writing of his decision to either consent to the reclassification of the habeas motion or to withdraw the motion.  On March 12, 2009, White Body requested another copy of the Court's March 2, 2009, order because the original copy

sent to him had been damaged.  <u>See</u> Docket No. 7.  On March 12, 2009, the Clerk of Court's Office

sent White Body another copy of the order.  More than two months have passed and White Body

has failed to inform the Court of his decision.  Therefore, the Court will treat White Body's filing

as a Section 2255 motion.  The motion is dismissed for the reasons set forth below.

## I.      BACKGROUND

Timothy White Body was indicted on three counts of sexual abuse (counts one through three)

and two counts of abusive sexual contact (counts four and five).  <u>See</u> <u>United States v. White Body</u>,

Case No. 4:06-cr-033, Docket No. 1.  White Body entered into an agreement with the Government

pursuant to which he pled guilty to counts two and three.  <u>See</u> <u>id.</u>, Docket No. 13.  In return, the

Government moved to dismiss counts one, four, and five.  <u>See</u> <u>id.</u>, Docket No. 21.  The Court

entered judgment on December 18, 2006, imposing concurrent seventy-month sentences on counts

two and three, with credit for time served.  <u>See</u> <u>id.</u>, Docket No. 22.  White Body did not appeal.

White Body is presently incarcerated in a federal prison in Colorado.

On December 12, 2008, White Body filed a motion for habeas corpus relief.  <u>See</u> Docket No.

5.  White Body essentially contends that he was prosecuted for the same offenses in both tribal and

federal court in violation of the Fifth Amendment's double jeopardy clause.

## II.     LEGAL DISCUSSION

Claims asserted by a prisoner who challenges the legality of a sentence must be filed by

motion under 28 U.S.C. § 2255 in the district that imposed the sentence.  In contrast, claims that

challenge the execution or manner in which a sentence is served must be submitted by a motion

pursuant to 28 U.S.C. § 2241 and filed in the district where the prisoner is confined.  White Body

is not confined in the District of North Dakota.  If White Body has claims concerning the lawfulness

of his detention or the execution of his sentence that are actionable under 28 U.S.C. § 2241, he

should submit such a motion to the United States District Court in Colorado with jurisdiction over

the federal prison in which he is incarcerated.  To the extent that White Body's motion may be

construed as a challenge to the legality of his sentence, the motion is dismissed.

A.   **WHITE BODY'S PETITION IS UNTIMELY**

It is well-established that motions to vacate, set aside or correct sentence filed pursuant to

28 U.S.C. § 2255 are subject to the following period of limitations:

> (f)   A 1-year period of limitation shall apply to a motion under this section. The
> limitation period shall run from the latest of—
>
> > (1)   the date on which the judgment of conviction becomes final;
> >
> > (2)   the date on which the impediment to making a motion created by
> > governmental action in violation of the Constitution or laws of the
> > United States is removed, if the movant was prevented from making
> > a motion by such governmental action;
> >
> > (3)   the date on which the right asserted was initially recognized by the
> > Supreme Court, if that right has been newly recognized by the
> > Supreme Court and made retroactively applicable to cases on
> > collateral review; or
> >
> > (4)   the date on which the facts supporting the claim or claims presented
> > could have been discovered through the exercise of due diligence.

A judgment of conviction is generally considered to be final when the time for filing a direct

appeal expires.  Akins v. United States, 204 F.3d 1086, 1089 n. 1 (11th Cir. 2000); see also United

States v. Plascencia, 537 F.3d 385, 388 (5th Cir. 2008) (agreeing with the Second, Third, and Sixth

Circuits that "when a federal prisoner fails to file a notice of appeal from his conviction . . . the conviction becomes final for purposes of § 2255 upon the expiration of the 10-day period for filing a direct appeal."); Sanchez-Castellano v. United States, 358 F.3d 424, 428 (6th Cir. 2004) (finding that, for purposes of 28 U.S.C. § 2255 motions, "an unappealed federal criminal judgment becomes final ten days after it is entered"); Kapral v United States, 166 F.3d 565, 577 (3d Cir. 1999) ("If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired.").

There are two recognized exceptions to this general rule that are applicable to federal prisoners who seek direct appellate review of a conviction or sentence.  See United States v. Cottage, 307 F.3d 494, 498 (6th Cir. 2002).  First, if, following the disposition of the direct appeal, a federal prisoner petitions the United States Supreme Court for a writ of certiorari, the conviction becomes final when the Supreme Court either denies certiorari or issues a decision on the merits. Id.; see also Washington v. United States, 243 F.3d 1299, 1300 (11th Cir. 2001); Kapral, 166 F.3d at 577.  Second, if the federal prisoner does not file a timely certiorari petition after disposition of a direct appeal, the conviction becomes final on the date on which the prisoner's time for filing such a petition expires.  See Clay v. United States, 537 U.S. 522, 525-26 (2003) ("For the purpose of starting the clock on § 2255's one-year limitation period, we hold, a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction.").

This Court entered judgment against White Body on December 18, 2006.  White Body did not file a notice of appeal within ten (10) days as required by Rule 4(b)(1)(A) of the Federal Rules

of Appellate Procedure.  Consequently, his conviction became final for purposes of 28 U.S.C. § 2255 on January 2, 2007.  See Fed. R. App. P. 26(a); United States v. Manfre, 2008 WL 762111 at *2-3 (W.D. Ark. March 19, 2008).  The one-year window within which to file a 28 U.S.C. § 2255 motion would have closed on January 2, 2008.  White Body's current motion for habeas relief is untimely as it was filed approximately eleven months after the window to file a habeas motion had closed.

The only remaining question is whether White Body's deadline for filing a motion for habeas relief should be equitably tolled.  The Eighth Circuit has recognized that equitable tolling is only appropriate where "extraordinary circumstances" beyond a prisoner's control prevent timely filing. United States v. Martin, 408 F.3d 1089, 1093-94 (8th Cir. 2005).  No such circumstances exist in this case.  As a result, White Body's motion for habeas corpus relief is untimely.

**B.**   **WHITE BODY'S SUCCESSIVE TRIBAL AND FEDERAL CONVICTIONS DO NOT OFFEND THE FIFTH AMENDMENT'S DOUBLE JEOPARDY CLAUSE**

The double jeopardy clause of the Fifth Amendment provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. V.  The United States Supreme Court has interpreted this clause as prohibiting both multiple punishments as well as multiple prosecutions for the same crime.  United States v. Dixon, 509 U.S. 688, 695-96 (1993).

However, the "dual sovereignty doctrine" allows two independent sovereign entities to prosecute an offender separately for a single offense.  See Heath v. Alabama, 474 U.S. 82, 90 (1985). The rationale behind the "dual sovereignty doctrine" is this:  when a defendant in a single act violates the peace and dignity of two sovereigns by breaking the laws of each, he has committed

5

two distinct offenses for which each sovereign has an independent right to prosecute him. <u>See</u> <u>United States v. Lanza</u>, 260 U.S. 377, 382 (1922).

In <u>United States v. Wheeler</u>, the United States Supreme Court specifically addressed the "dual sovereignty doctrine" as it applied to successive tribal and federal prosecutions of a tribe member. 435 U.S. 313, 318, 322-24 (1978). The defendant in <u>Wheeler</u>, a member of the Navajo tribe, was charged with disorderly conduct and contributing to the delinquency of a minor in violation of tribal law. He entered pleas of guilty in tribal court and was sentenced to concurrent sentences of fifteen and sixty days in jail. Over a year later the defendant was indicted on federal charges of statutory rape. He successfully moved to dismiss the indictment on the grounds that the tribal offense was a lesser included offense of statutory rape and that the tribal court proceedings barred a subsequent federal prosecution. The Ninth Circuit Court of Appeals affirmed the judgment of dismissal. <u>United States v. Wheeler</u>, 545 F.2d 1255 (9th Cir. 1976).

However, the United States Supreme Court reversed the Ninth Circuit and remanded the case for further proceedings. <u>Wheeler</u>, 435 U.S. at 331. The United States Supreme Court concluded that an Indian tribe acted as a sovereign separate from the federal government when prosecuting its own members. <u>Id.</u> at 322-24 ("[T]he power to punish offenses against tribal law committed by Tribe members, which was part of the Navajos' primeval sovereignty, has never been taken away from them, either explicitly or implicitly, and is attributable in no way to any delegation to them of federal authority. It follows that when the Navajo Tribe exercises this power, it does so as part of its retained sovereignty and not as an arm of the Federal Government."). Consequently, the Supreme Court held that double jeopardy principles were not offended by the successive prosecutions of a

tribe member in both tribal and federal court.  <u>See also</u> <u>United States v. Lara</u>, 541 U.S. 193, 204-05 (2004) (discussing the tribe's "inherent" power to prosecute its own members).[1]

White Body is an enrolled member of the tribe on whose reservation he committed the offenses charged.  <u>See</u> <u>United States v. White Body</u>, Case No. 4:06-cr-033, Docket No. 13. Applying the principles articulated in <u>Wheeler</u>, 435 U.S. 313, his successive prosecutions in tribal and federal courts would not constitute a violation of the Fifth Amendment's double jeopardy clause.


## III.   <u>CONCLUSION</u>

For the reasons set forth above, the Court finds that White Body's motion for habeas corpus relief is untimely and unsupported by the facts or the law.  The Court **DISMISSES** the motion for habeas corpus relief (Docket No. 5).  The Court **FINDS AS MOOT** White Body's motion to proceed in forma pauperis (Docket No. 3).

In addition, the Court certifies that an appeal from the dismissal of this motion may not be taken in forma pauperis because such an appeal would be frivolous and cannot be taken in good faith.  <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962).  Based on the entire record before the Court, dismissal of the motion is not debatable, reasonably subject to a different outcome on

---

[1] More recently, in <u>United States v. Lara</u>, 541 U.S. 193 (2004), the United States Supreme Court addressed the constitutionality of successive tribal and federal court prosecutions of non-member Indians.  The underlying facts were as follows.  A tribe charged the defendant, a non-member Indian, for "violence to a policeman."  The defendant pled guilty and was sentenced to ninety days in jail.  He was subsequently charged in federal court with assaulting a federal officer, the elements of which mirrored those of the tribal offense.  He challenged the federal charges on grounds that they violated the double jeopardy clause.  The Supreme Court disagreed, taking note of legislation passed by Congress in 1990 that specifically authorized tribes to prosecute non-member Indians.  The Court viewed this legislation as a  Congressional affirmation of the tribe's inherent prosecutorial power.  Consequently, the Supreme Court concluded that the double jeopardy clause did not prohibit the federal government from prosecuting the defendant for a separate federal offense.

appeal, or otherwise deserving of further proceedings.  See Barefoot v. Estelle, 463 U.S. 880, 893

n.4 (1983).  Therefore, a certificate of appealability will not be issued by this Court.[2]

  If White Body desires further review of his 28 U.S.C. § 2255 motion, he may request the

issuance of a certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals

in accordance with Tiedeman v. Benson, 122 F.3d 518, 520-22 (8th Cir. 1997).

  **IT IS SO ORDERED**.

  Dated this 15th day of May, 2009.

            */s/ Daniel L. Hovland*
            Daniel L. Hovland, Chief Judge
            United States District Court

---

[2]The Eighth Circuit Court of Appeals has opined that the district courts possess the authority to issue certificates of appealability under Section 2253(c).  Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997).